UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4928

DUANE IVAN SIEMERS, a/k/a Duane
Juan Siemers,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-114)

Submitted: June 20, 2000

Decided: June 29, 2000

Before LUTTIG and WILLIAMS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, William C. Ingram, First
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Sandra J.
Hairston, Assistant United States Attorney, L. Patrick Auld, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Duane Ivan Siemers of knowingly possessing an unregistered firearm (a silencer), in violation of 26 U.S.C.A. §§ 5861(d) and 5871 ( West 1989). Siemers appeals his conviction, challenging the court's instructions to the jury. Finding no reversible error, we affirm.

Siemers contends that the district court erred in refusing to instruct the jury that it must find, beyond a reasonable doubt, that the device actually silenced or significantly muffled the sound report of the firearm and that, in defining the knowledge element, the court should have repeated the definition of silencer. We review de novo whether a district court has properly instructed a jury on the statutory elements of an offense. See United States v. Ellis, 121 F.3d 908, 923 (4th Cir. 1997). We review decisions as to whether to give an instruction and the content of such instruction, however, for an abuse of discretion. See United States v. Helem, 186 F.3d 449, 454 (4th Cir.), cert. denied, 120 S. Ct. 595 (1999).

Here, the district court's instruction on the definition of a silencer tracked the statutory language. See 26 U.S.C.A. § 5845(a)(7) (West 1989) (defining firearm as any silencer, as defined in 18 U.S.C.A. § 921(a)(24) (West 2000)); 18 U.S.C.A. § 921(a)(24) (defining "firearm silencer" and "firearm muffler" as "any device for silencing, muffling, or diminishing the report of a portable firearm"). Siemers asserts that the government must prove, as an element of the offense, that the silencer actually or significantly lowered the sound report of a firearm, and the district court must instruct the jury accordingly. The plain language of the statute, however, does not support his assertion. See United States v. Syverson, 90 F.3d 227, 231-32 (7th Cir. 1996) (holding that "a device can be a silencer for the purposes of § 921(a)(24) even if it does not actually silence"). We therefore find no

2

error in the court's refusal to instruct the jury as Siemers requested. See United States v. Frazier-El, 204 F.3d 553, 562 (4th Cir. 2000) (stating that reversible error occurs when requested instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense") (internal quotation marks and citation omitted)).

Next, Siemers asserts that the district court erred in failing to repeat the definition of silencer when it instructed the jury on the knowledge element of the offense. Because the district court correctly defined the term "silencer" and stated immediately thereafter that, to find Siemers guilty beyond a reasonable doubt, the jury must conclude that "he knowingly possessed a silencer as I have just defined that term for you" and that "[he] knew that the item he possessed was a silencer," (J.A. at 98), the court's refusal to repeat the definition of a silencer was not an abuse of discretion. See Helem, 186 F.3d at 454 (stating standard of review).

Accordingly, we affirm Siemers's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3